# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK LAWRENCE, | : | Civil No. 1:21-CV-2007 |
| Petitioner, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court for screening is the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by self-represented Petitioner Derrick Lawrence.  Although Petitioner seeks to proceed *in forma pauperis*, he has paid the requisite filing fee.  In his petition, Lawrence challenges a Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") detainer.  (Doc. 1.)  Due to the lack of subject matter jurisdiction over Petitioner's claim, the petition will be dismissed without prejudice and his motion to proceed *in forma pauperis* will be denied as moot.  A certificate of appealability will not issue.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Derrick Lawrence ("Lawrence"), a native and citizen of Jamaica, entered the United States in 1973 at the age of 5 in the company of his parents. (Doc. 1, p. 1.)[1] In 1995, following a jury trial in the Luzerne County Court of Common Pleas, Lawrence was convicted of first-degree murder and sentenced to life imprisonment without the possibility of parole. (*Id.*); *see also Lawrence v. Commonwealth of Pennsylvania*, No. 1385 MDA 2019, 2020 WL 1231628 (Pa. Super. Mar. 13, 2020). Lawrence is presently incarcerated at the Mahanoy State Correctional Institution in Frackville, Pennsylvania. (*Id.*, p. 1.)

Lawrence alleges that on October 24, 1996, an Immigration Judge initiated removal proceedings against him but then administratively closed them noting that he was "serving [a] life sentence w/o parole." (Doc. 1-4, p. 4.) Lawrence claims the ICE detainer is still on file with prison officials and therefore he "is still subject to <u>illegal</u> <u>removal</u> from the United States under the Deportation Order of October 24, 1996, which was obtained in violation of the Vienna Convention." (Doc. 1, p. 2 (emphasis in original)). Lawrence argues that the detainer and any order of removal are invalid and unenforceable. (*Id.*, pp. 5–6.) Lawrence asks the court "to issue a writ of habeas corpus from the deportation order of October 24, 1995, A 35 898 504 because it was obtained in violation of the U.S. Constitution, Vienna

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Convention, and ineffective assistance of counsel." Alternatively, Petitioner requests that the court "grant the deportation order by re-issue a new order for DHS/ICE for removal proceeding of Petition for deportation BACK TO HIS HOME country of Jamaica." (*Id.*, p. 20 (emphasis in original)).

The court is familiar with Lawrence's criminal conviction and ICE detainer history. The court denied a prior petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 based on the same fact scenario and claims. *See Lawrence v. United States Immigration Enforcement & Customs*, Civ. No. 1:21-CV-0029, 2021 WL 1253523 (M.D. Pa. Apr. 5, 2021) (court lacked subject matter jurisdiction over petition as Lawrence was not in custody pursuant to the ICE detainer).

### STANDARD OF REVIEW

This matter is before the court for preliminary screening. *See* 28 U.S.C. § 2243. A district presented with a petition for writ of habeas corpus under § 2241 may conduct an initial review of the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1 of the Rules Governing Section 2254 Cases in the United States District Court (noting that a district court "may apply any or all of these rules" to habeas corpus petitions not covered by 28 U.S.C. § 2254); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

(holding a court may dismiss a petition where "none of the grounds alleged in the petition would entitle [the petitioner] to relief."). Additionally, district courts are continually obligated to review whether they have subject matter jurisdiction and must raise subject matter jurisdiction issues *sua sponte*. *See Fort Bend Cnty, Tex. v. Davis*, 139 S. Ct. 1843 (2019). It is axiomatic that where a court lacks subject matter over a petition, it cannot address the issues presented in the petition.

## DISCUSSION

To begin, Lawrence is clearly not attacking his underlying homicide conviction in his § 2254 petition. He strictly challenges his ICE detainer and alleged final order of removal.

First, to the extent Lawrence seeks to challenge his final order of removal, should it exist, this court lacks jurisdiction over such a claim. The REAL ID Act of 2005 divested district courts of subject matter jurisdiction, whether through habeas corpus or otherwise, to review removal orders of any alien. *See* 8 U.S.C. § 1252(a)(5). The REAL ID Act provides that the "sole and exclusive means for judicial review" of an order of removal and matters dependent thereon, shall be a petition for review filed with the appropriate court of appeals. (*Id.*) Non-citizens may "obtain direct 'review of a final order of removal' in a court of appeals." *Nasrallah v. Barr*, 140 S.Ct. 1683, 1689–90 (2020) (citing 8 U.S.C. § 1252(a)(1)).

Accordingly, this court lacks jurisdiction to consider Lawrence's challenge to his order of removal.

Second, because Lawrence is not in custody pursuant to his ICE detainer, he fails to state a cognizable § 2254 claim. To invoke habeas jurisdiction pursuant to 28 U.S.C. § 2254, a prisoner must be "in custody pursuant to the judgment of a State court…." 28 U.S.C. § 2254(a). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time the petition is filed." *Lee v. Stickman,* 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)). Lawrence is currently "in custody" of the Pennsylvania Department of Corrections under his Luzerne County Court of Common Pleas first degree murder conviction. He is serving a life sentence without the possibility of parole. As noted above, his petition does not challenge his homicide conviction and he does not allege his constitutional rights in that context have been violated. Rather, Lawrence's petition takes aim at the detainer ICE has lodged with state prison authorities. However, the ICE detainer is not the basis for his current confinement.

Because he is not in custody pursuant to his detainer, he cannot avail himself of habeas relief. "According to most courts which have considered the custody question, a prisoner who is serving a criminal sentence is not in ICE custody simply because ICE has lodged a detainer against him with the prison where he is

incarcerated." *Adams v. Apker*, 148 F. App'x. 93, 95 (3d Cir. 2005).  Here, Lawrence has not demonstrated that he is "being held pursuant to the detainer, that he [is] subject to a final order of removal, or even that removal proceedings [have] been initiated" against him, and as such he is not "in custody" pursuant to the ICE detainer.  *Henry v. Chertoff*, 317 F. App'x 178, 179 (3d Cir. 2009) (per curiam); *see also Mundo-Violante v. Warden Loretto FCI*, 654 F. App'x 49, 51 (3d Cir. 2016) (federal inmate could not seek habeas relief to challenge ICE detainer because he was not "in custody" pursuant to the detainer).  Accordingly, this court lacks jurisdiction to consider Lawrence's petition challenging his ICE detainer because he is not in custody pursuant to the detainer.

## CONCLUSION

For these reasons, the court will dismiss Lawrence's petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his ICE detainer because he is not in custody pursuant to that detainer.  Similarly, because reasonable jurists would not debate that Lawrence is not seeking habeas relief on the basis of his state conviction, a certificate of appealability will not issue.  An appropriate order follows.

s/ Jennifer P. Wilson
United States District Court Judge
Dated:  February 15, 2022         Middle District of Pennsylvania